UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSE NUNO** | : | **DOCKET NO. 2:18-cv-407** |
|     **B.O.P. # 13345-111** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN, FCI OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus [doc. 1] filed pursuant to 28 U.S.C. § 2241 by pro se plaintiff Jose Nuno. Nuno is an inmate in the custody of the federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). However, his petition relates to events that occurred at the Federal Correctional Institute in Berlin, New Hampshire ("FCIB").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.**
**BACKGROUND**

Nuno brings this action to complain of the medical care he received at FCIB. Doc. 1; doc. 1, att. 2. He alleges that he was denied adequate medical care for a back injury at that facility from February 2016 to August 2017, and that the denial amounted to deliberate indifference to his serious medical needs on the part of a physician at FCIB and other FCIB medical staff. Doc. 1, att.

2, pp. 2–3; doc. 1, pp. 6–7. In relief he requests monetary damages and "that proper medical attention be granted . . . until his release from prison." Doc. 1, att. 2, p. 4.

## II.
## LAW & ANALYSIS

An application for writ of *habeas corpus* is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1841 (1973). On the other hand, a civil rights suit "is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, the proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Nuno's claim clearly relates to his conditions of confinement and would not entitle him to accelerated release. It should therefore be raised in a civil rights action under *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), and subject to the appropriate filing fee for civil suits. Nuno should also be aware that venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b). *Stafford v. Briggs*, 100 S.Ct. 774, 784–85 (1980). Under that statute, venue is only permitted in the jurisdiction where all defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Because Nuno's suit is properly brought as a civil rights action rather than a habeas petition, the FCIB employees who provided the allegedly deficient medical care are the proper defendants in this matter, rather than the warden of FCIO. It is very unlikely that any, let alone all, of the FCIB employees involved reside in the Western District of Louisiana. Accordingly, this court appears to be an improper venue for any *Bivens* suit Nuno would wish to file based on the above allegations. Nuno should instead seek relief in the

District of New Hampshire, where a substantial part of the events or omissions giving rise to his claim occurred.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to Nuno raising these claims in a properly filed civil rights action, in a court of proper venue.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE